IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM CORDOBA,

    Plaintiff,                      No. CIV S-10-2944 DAD P

    vs.

KATHLEEN L. DICKINSON, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that fellow inmate J. Neri assaulted him while they were waiting for prison officials to open the Unit II West Gate at California Medical Facility. Plaintiff claims that defendants Viera and Rivers failed to protect him from the serious harm posed to him from his attacker in violation of the Eighth Amendment. Pending before the court is plaintiff's motion to compel.

## PLAINTIFF'S MOTION TO COMPEL

        In his motion to compel, plaintiff argues that the court should compel defendants Viera and Rivers to provide him, or the court for in camera inspection, with further responses to his request for production of documents. Specifically, plaintiff believes that the defendants should have to produce documents from inmate J. Neri's central file, including all documents

related to the rules violation report inmate Neri received after attacking plaintiff and all documents related to inmate Neri's placement in administrative segregation. Plaintiff also believes that the defendants should be required to produce more documents related to "Operation Plan #4" for inmate count and movement on July 12, 2008. In plaintiff's view, the document defendants produced in response to his initial discovery request is irrelevant because it does not address yard recall or the monitoring of inmate traffic at the Unit II West Gate. (Pl.'s Mot. to Compel at 1-2.)

In opposition to plaintiff's motion to compel, counsel for defendants Viera and Rivers argues that the documents plaintiff is requesting from inmate Neri's central file are confidential. Counsel also argues that prison officials have designated plaintiff and inmate Neri as enemies, so that producing inmate Neri's confidential file documents to plaintiff could jeopardize the safety of inmate Neri, plaintiff, and prison staff and other inmates. In addition, as to the documents related to "Operation Plan #4", counsel for defendants argues that plaintiff initially requested any and all documents describing CMF's policy regarding the monitoring of inmate traffic during yard unlocks and yard recall on July 12, 2008. Defendants responded by providing plaintiff with "Operation Plan #4," dated July 2010, because the plan in force on July 12, 2008 had been purged and was no longer available. After further investigation, however, defendants located "Operation Plan #4", dated April 2008, which was in effect on the day in question, July 12, 2008, and provided a copy of it to plaintiff. Defense counsel notes that the defendants production of documents in this regard has been responsive to plaintiff's request because "Operation Plan #4" contains information about staff responsibilities during inmate movement. Finally, counsel contends that the defendants are unaware of the existence of any document containing information pertaining specifically to monitoring of inmate traffic at the Unit II West Gate. (Debs.' Opp'n to Pl.'s Mot. to Compel at 1-5.)

/////

/////

**DISCUSSION**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." See Fed. R. Civ. P. 37(a)(3).

As to plaintiff's request for documents from inmate Neri's central file, the court finds defendants' objections to be well taken. Typically, an inmate does not have access to another inmate's central file. See Cal. Code. Regs. tit. 15 § 3370(b) ("Except by means of a valid authorization, subpoena, or court order, no inmate or parolee shall have access to another's case records file, unit health records, or component thereof."). Here, plaintiff and inmate Neri are designated enemies and therefore a strong penological justification exists to deny plaintiff access to inmate Neri's files. Nor does this court find that in camera review by the court of inmate Neri's central file would be appropriate. As an initial matter, while plaintiff speculates that there may be relevant information in inmate Neri's central file, he has made no specific assertions or showing as to what information he seeks or expects to find there. Plaintiff is proceeding against defendants Viera and Rivers in this action. Insofar as there may be any relevant information about the conduct of defendants Viera and Rivers mentioned in inmate Neri's files, plaintiff could and should have sought to discover that information directly from the defendants through interrogatories, requests for admissions or other available discovery devices.

As to plaintiff's request for documents related to "Operation Plan #4," it appears that the defendants have produced all relevant documents on the subject. Plaintiff has not made any showing that further documents are available for production. Nor can this court compel the defendants to produce documents that do not exist or are not in their possession or control. See Fed. R. Civ. P. 34(a)(1). See also United States v. Int'l Union of Petroleum & Indus. Workers,

/////

3

870 F.2d 1450, 1452 (9th Cir. 1989) (a party seeking production of documents bears the burden of showing the opposing party has control over them).

## CONCLUSION

Accordingly, for all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. No. 31) is denied.

DATED: March 12, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cord2944.mtc

4